IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELVIN BUFFINGTON,

          Petitioner,

vs.

ROB JEFFREYS,

          Respondent.

**8:23CV558**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 20, and Motion for Appointment of Counsel, Filing No. 22. For the following reasons, both motions are denied.

## I. IFP MOTION

Petitioner filed a motion to proceed IFP on February 14, 2025. Filing No. 20. However, the Court previously granted Petitioner leave to proceed IFP on December 28, 2023. *See* Filing No. 5. Accordingly, Petitioner's current IFP motion is unnecessary and is denied as moot.

## II. MOTION FOR COUNSEL

Petitioner also filed a motion for appointment of counsel "to represent and advise him of his legal rights" and due to his poverty. Filing No. 22. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d

556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After careful review of the record, the Court finds there is no need for the appointment of counsel at this stage in the proceedings as the only issue presently under consideration is the timeliness of Petitioner's habeas petition and Petitioner has demonstrated his ability to present his claims and requests for relief in appropriate, clearly written pleadings. Accordingly, Petitioner's motion seeking appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed IFP, Filing No. 20, is denied as moot.

2. Petitioner's Motion for Appointment of Counsel, Filing No. 22, is denied without prejudice to reassertion.

3. Petitioner is reminded that he has until **March 7, 2025**, to file and serve his brief in opposition to Respondent's summary judgment motion. If Petitioner requires additional time to submit his brief, he must file a written motion seeking an extension of time before the expiration of the **March 7, 2025**, deadline.

Dated this 20th day of February, 2025.

BY THE COURT:

*/s/ John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge