IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELVIN BUFFINGTON,

                  Petitioner,

      vs.

ROB JEFFREYS,

                  Respondent.

**8:23CV558**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's second request for an extension of time to file his brief in opposition to Respondent's summary judgment motion, Filing No. 28, and correspondence from Petitioner, which was docketed as a motion to dismiss (the "Motion"), Filing No. 29. Upon consideration, the Court will deny the Motion to the extent Petitioner seeks to voluntarily dismiss this action, will liberally construe the Motion as Petitioner's notice that he will not be filing a brief in opposition to Respondent's pending summary judgment motion, and will deny Petitioner's request for an extension of time as moot.  As Petitioner will not be filing any opposing brief, Respondent's summary judgment motion, Filing No. 13, is ripe for disposition, and the Court finds Respondent's motion should be granted and this matter dismissed with prejudice.

## I. PETITIONER'S REQUEST FOR EXTENSION AND MOTION

On April 4, 2025, Petitioner filed his second request for an extension of time to file his brief in opposition to summary judgment. Filing No. 28. Petitioner sought an extension of his brief deadline to October 7, 2025, due to his limited access to the law library. *Id*. However, before the Court ruled on Petitioner's extension request, Petitioner submitted a letter addressed to the

Court on April 11, 2025, which the Court docketed as a motion to dismiss. In the Motion, Petitioner states:

> I'm withdrawing from this case due to the fact that I do not possess the knowledge, experience, nor the access to the law library. Therefore, I would like to extend my gratitude to the courts for the opportunity to have my side heard. Also with the Statute of Limitations being exhausted I don't foresee a favorable resolution on the matter. With that being said I will not impose on the courts' time and resources any further.

Filing No. 29 (spelling corrected).

To the extent Petitioner's Motion seeks voluntary dismissal of this action, the Motion is governed by Rule 41(a) of the Federal Rules of Civil Procedure, which permits a habeas petitioner to dismiss his petition at any time before service of the answer or a motion for summary judgment or with a stipulation of dismissal signed by all parties who have appeared, but thereafter permits dismissal only with leave of court. *See* Brian R. Means, Federal Habeas Manual § 8:51. Rule 41(a)(2) provides that an action may be dismissed at the petitioner's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise ordered, a dismissal under Rule 41(a)(2) is without prejudice.

Here, Petitioner expresses his wish to withdraw from this case due to his lack of knowledge and law library access and because he does not foresee a favorable resolution given "the Statute of Limitations being exhausted." Filing No. 29. However, "courts have held that voluntary dismissal without prejudice is not appropriate where the reason for the petitioner's request for dismissal is apprehension regarding a possible adverse ruling on a pending motion." Brian R. Means, Federal Habeas Manual § 8:51 (citing cases including *Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 160 (8th Cir. 1980) (district court abused its discretion in granting plaintiff's motion for dismissal without prejudice

2

where only basis for seeking dismissal was plaintiff's fear that trial court would grant defendant's motion for judgment notwithstanding the verdict and where dismissal prejudiced defendant)); *see also Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 804-05 (8th Cir. 2021) (a party is not permitted to dismiss merely to escape an adverse decision). Instead, when ruling on a Rule 41(a)(2) motion, the Court must consider the "*Hamm* factors": whether the party has presented a proper explanation for its desire to dismiss, whether dismissal would result in a waste of judicial time and effort, and whether dismissal will prejudice the respondents. *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (citing *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

In light of Respondent's pending summary judgment motion asserting that Petitioner's habeas petition is barred by the statute of limitations, the Court concludes that to dismiss this case without prejudice at this stage would be a waste of judicial resources and effort and Petitioner's belief that he will likely receive an unfavorable ruling on Respondent's motion does not justify a dismissal without prejudice at this stage.

Accordingly, the Court will deny Petitioner's Motion to the extent he seeks voluntary dismissal of his petition without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Instead, the Court liberally construes the Motion as Petitioner's notice that he will not be filing a brief in opposition to Respondent's pending summary judgment motion and will, therefore, deny Petitioner's request for an extension of time as moot. As Petitioner will not be filing a brief in opposition, the Court will next consider Respondent's summary judgment motion as it is now ripe for disposition.

## II. RESPONDENT'S SUMMARY JUDGMENT MOTION

Respondent filed a motion for summary judgment, Filing No. 13, designation of state court records, Filing No. 14, statement of undisputed material facts, Filing No. 15, and supporting brief, Filing No. 16, on January 15, 2025, asserting that Petitioner's habeas petition was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Upon careful consideration, the Court agrees.

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]  The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions.").  However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

4

purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

## B. Undisputed Material Facts[2]

1.     On March 7, 2019, in the District Court of Douglas County, Nebraska, Petitioner Melvin Buffington entered no contest pleas to two counts of attempted first-degree sexual assault. Filing No. 14-3 at 11–17.

2.     On March 15, 2019, Petitioner filed a motion to withdraw his pleas. *Id*. at 19. After an evidentiary hearing on the motion, the court overruled Petitioner's motion to withdraw plea. *Id*. at 23–27.

3.     On May 14, 2019, the state district court sentenced Petitioner to consecutive prison terms of 10 to 12 years for his two convictions for attempted first-degree sexual assault, for a total aggregate sentence of 20 to 24 years imprisonment. *Id*. at 28–29. The sentencing order was filed that same day. *Id*.

4.     On June 16, 2020, the Nebraska Court of Appeals affirmed Petitioner's convictions and sentences on direct appeal. Filing No. 14-1 at 3; Filing No. 14-5 at 18–22; *see also State v. Buffington*, No. A-19-546, 2020 WL

---

[2] In accordance with the Court's progression order, Filing No. 6, Respondent filed a statement of undisputed material facts outlining the procedural history of Petitioner's state court proceedings with references to the record. Filing No. 15. Petitioner has not disputed any of Respondent's statement of material facts, which the Court will deem admitted for purposes of deciding the summary judgment motion. *See* NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)).

3251165 (Neb. Ct. App. June 16, 2020). Petitioner did not file a petition for further review by the Nebraska Supreme Court. Filing No. 14-1 at 3.

5.    On June 14, 2021, Petitioner filed a motion for postconviction relief in the state district court. Filing No. 14-4 at 2–7. The motion was denied following an evidentiary hearing in a written order filed on March 2, 2022. *Id*. at 27–32.

6.    On March 21, 2022, Petitioner filed a notice of appeal of the state district court's order. Filing No. 14-2 at 2; Filing No. 14-4 at 33–42. The Nebraska Court of Appeals affirmed the district court's order on December 6, 2022, *see State v. Buffington*, No. A-22-190, 2022 WL 17419611 (Neb. Ct. App. Dec. 6, 2022), and Petitioner's petition for further review was denied as untimely filed on January 9, 2023. Filing No. 14-2 at 4. The mandate was issued on January 23, 2023. *Id*.

7.    Petitioner filed his habeas petition on December 20, 2023. Filing No. 1. On October 30, 2024, this Court entered an order requiring Respondent to file a motion for summary judgment or state court records in support of an answer. Filing No. 6.

**C. Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Petitioner's conviction became final on July 16, 2020, the date on which Petitioner's time for pursuing review in the Nebraska Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals or the entry of the order finally disposing of the appeal). Accordingly, the one-year limitations period began to run from July 16, 2020.

The statute of limitations was tolled during the pendency of Petitioner's state postconviction action beginning on June 14, 2021, which means that 333 days expired after the one-year statute of limitations period began running on July 16, 2020. *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'"). The limitations period was tolled until January 23, 2023, when the

7

Nebraska Court of Appeals issued its mandate on Petitioner's postconviction appeal. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (state postconviction application "remains pending" until "the State's highest court has issued its mandate or denied review" and "the 1–year limitations period [is not tolled] during the pendency of a petition for certiorari"). Thus, the statute of limitations began to run again on January 23, 2023.

Because 333 days had already expired from the one-year limitations period, Petitioner had 32 days remaining after the tolling period ended on January 23, 2023, to file his habeas petition or, in other words, until February 24, 2023. However, Petitioner did not file his habeas petition until December 20, 2023, approximately ten months after the limitations period expired. Thus, Petitioner's habeas petition is clearly untimely under § 2244(d)(1)(A).

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Petitioner has not responded to Respondent's summary judgment motion and has not presented any arguments to support the application of equitable tolling or the miscarriage of justice exception. The Court has carefully reviewed the petition and finds no reason to toll the limitations period or excuse its procedural bar. Thus, Petitioner's habeas petition is barred as untimely.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Motion, Filing No. 29, is denied to the extent Petitioner seeks to voluntarily dismiss this action without prejudice.

2.    Petitioner's motion for an extension of time, Filing No. 28, is denied as moot.

3.    Respondent's motion for summary judgment, Filing No. 13, is granted.

4.    Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

5.    The Court will not issue a certificate of appealability in this matter.

6.    A separate judgment will be entered.

9

Dated this 20th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge